**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| ELEMENT CAPITAL COMMERCIAL COMPANY PTE. LTD, | § § § § § | |
| *Plaintiff*, | § § | |
| v. | § § | CIVIL ACTION NO.  2:22-CV-00118-JRG |
| BOE TECHNOLOGY GROUP CO., LTD., BEIJING BOE DISPLAY TECHNOLOGY CO., LTD., MOTOROLA (WUHAN) MOBILITY TECHNOLOGIES COMMUNICATION CO., LTD., | § § § § § § § § | |
| *Defendants*. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff Element Capital Commercial Company Pte. Ltd ("Plaintiff")
Motion for Leave to Effect Service by Alternative Means (the "Motion").  (Dkt. No. 9).  Having
considered the Motion and the applicable law, and for the reasons set forth herein, the Court finds
that the Motion should be **GRANTED**.

## I.   BACKGROUND

On April 18, 2022, Plaintiff filed the above-captioned case against Defendants BOE
Technology Group Co., Ltd and Beijing BOE Display Technology Co., Ltd. (collectively, the
"BOE Defendants") and Motorola (Wuhan) Mobility Technologies Communication Co., Ltd
("Motorola") (BOE Defendants and Motorola together, the "Defendants") asserting claims of
patent infringement.  (Dkt. No. 1).  According to Plaintiff, it then initiated the Hague service
process on April 26, 2022. (Dkt. No. 9-1 ¶ 4).  On June 16, 2022, the Chinese Ministry of Finance
accepted the Hague service documents.  (*Id.* ¶ 5).  On June 21, 2022, Plaintiff sent a copy, in both
English and Chinese, of the Complaint, exhibits, and service Waiver form (the "Complaint

Package") to each of the Defendants in this case via Federal Express. (*Id.* ¶ 7). According to

Plaintiff, the documents were accompanied by a cover letter in both English and Chinese,

requesting that the Defendants waive formal service and/or identify their U.S. counsel who will

represent them in this case. (*Id.*). Plaintiff states that Federal Express records indicate that

Motorola received the Complaint Package but has not responded in any way. (*Id.* ¶ 8). Plaintiff

also states that The Complaint Package was sent to two different addresses for Defendant BOE

Technology Group Co., Ltd, and Defendant BOE Technology Group Ltd. refused both of the

Complaint Packages, one on July 5, 2022 and the other on July 6, 2022. (*Id.* ¶ 9). The FedEx

tracking record for the Complaint Package sent to Defendant Beijing BOE Display Technology

Co., Ltd indicates that it has not been delivered but does not specify a reason. (*Id.* ¶ 10).

Accordingly, Plaintiff filed the instant Motion on July 22, 2022 seeking leave to serve Defendants

through their U.S. subsidiaries by traditional means. (Dkt. No. 9 at 4–5).

## II.   LEGAL STANDARD

Under Federal Rule of Civil Procedure 4(h)(2), a foreign corporation, partnership, or other

unincorporated association located outside the United States must be served "in any manner

prescribed by Rule 4(f) for serving an individual, except personal delivery under (f)(2)(C)(i)." Fed.

R. Civ. P. 4(h)(2). Rule 4(f), in turn, states that an individual in a foreign country may be served:

> (1) by any internationally agreed means of service that is reasonably calculated
> to give notice, such as those authorized by the Hague Convention on the
> Service Abroad of Judicial and Extrajudicial Documents;
>
> (2) if there is no internationally agreed means, or if an international agreement
> allows but does not specify other means, by a method that is reasonably
> calculated to give notice:
>
> > (A) as prescribed by the foreign country's law for service in that country in
> > an action in its courts of general jurisdiction;
> >
> > (B) as the foreign authority directs in response to a letter rogatory or letter
> > of request; or

2

(C) unless prohibited by the foreign country's law, by:

   (i)   delivering a copy of the summons and of the complaint to the individual personally; or

   (ii)  using any form of mail that the clerk addresses and sends to the individual and that requires a signed receipt; or

(3) by other means not prohibited by international agreement, as the court orders.

Fed. R. Civ. P. 4(f).

Rule 4(f)(3)—authorizing court-ordered service "by other means not prohibited by international agreement"—is "not a 'last resort' or a type of 'extraordinary relief' for a plaintiff seeking to serve process on a foreign defendant." *In re OnePlus Tech. (Shenzhen) Co., Ltd.*, 2021 WL 4130643, at *3 (Fed. Cir. Sept. 10, 2021) (quoting *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1015 (9th Cir. 2002)).  To the contrary, Rule 4(f)(3) "stands independently, on equal footing" with other methods of service under Rule 4(f).  *Id.* (quoting *Nuance Communications, Inc. v. Abbyy Software House*, 626 F.3d 1222, 1239 (Fed. Cir. 2010)).  However, courts must be mindful that "Rule 4(f)(3) was not meant to displace the other rules for service in every instance in which alternative means of service are seen as more convenient."  *Id.*

Accordingly, courts typically order service under Rule 4(f)(3) after considering the delay and expense of conventional means of service in conjunction with other special circumstances that justify court intervention.  *Id.*; *see also SIMO Holdings, Inc. v. Hong Kong uCloudlink Network Tech. Ltd.*, 2020 WL 6578411, at *1 (E.D. Tex. June 15, 2020) (noting that plaintiffs had attempted service pursuant to the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents).  District courts are granted broad discretion in making such a determination.  *OnePlus*, 2021 WL 4130643, at *3–4.

Once a district court has exercised its discretion and determined that service under Rule 4(f)(3) is warranted, the court must consider whether the requested means of alternative service comports with due process as to each defendant. *SIMO Holdings*, 2020 WL 6578411, at *2; *Fundamental Innovation Sys. Int'l, LLC v. ZTE Corp.*, 2018 WL 3330022, at *5 (N.D. Tex. Mar. 16, 2018) (citing *RPost Holdings, Inc. v. Kagan*, 2012 WL 194388, at *2 (E.D. Tex. Jan. 23, 2012)). "Due process, in turn, requires 'reasonable notice and an opportunity to be heard.'" *ZTE Corp.*, 2018 WL 3330022, at *5 (citing *Gramercy Ins. Co. v. Kavanagh*, 2011 WL 1791241, at *1 (N.D. Tex. May 10, 2011)). "[T]he method of service crafted must be 'reasonably calculated, under all circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'" *RPost*, 2012 WL 194388, at *2 (citing *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 312 (1950)).

## III.    DISCUSSION

As a preliminary matter, the Court finds that the requested forms of alternative service are not prohibited by international agreement because neither method falls within the scope of the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents (the "Hague Convention"). Compliance with the Hague Convention is mandatory when the requested method of service is effectuated within the territory of the foreign signatory. *Volkswagenwerk Aktiengesellschaft v. Schlunk*, 486 U.S. 694, 699 (1988). Here, Plaintiff seeks to serve domestic entities. Further, the Hague Convention did not displace Fed. R. Civ. P. 4(f)(3), and thus the alternative service requested here pursuant to Fed. R. Civ. P. 4(f)(3) does not implicate the Hague Convention. *See Nagravision SA v. Gotech Int'l Tech. Ltd.*, 882 F.3d 494, 498 (5th Cir. 2018).

**A.     The Circumstances of this Case Allow for Alternative Service Under Rule 4(f)(3)**

The Court finds that delay and the previous attempts of Plaintiff to effectuate service weigh in favor of granting alternative service under Rule 4(f)(3).  First, courts have recognized that the multi-month delay of service under the Hague Convention supports a grant of alternative service under Rule 4(f)(3). *See Affinity Labs of Tex., LLC v. Nissan N. Am. Inc.*, 2014 WL 11342502, at *3 (W.D. Tex. Jul. 2, 2014); *SIMO Holdings*, 2020 WL 6578411, at *2; *ZTE Corp.*, 2018 WL 3330022, at *5.  Such delay is particularly apparent with respect to Defendants.  This case has been pending since April 18, 2022—with Defendants rejecting Federal Express parcels from Plaintiff or refusing to respond—Defendants have yet to be served or make an appearance.  Thus, service under Rule 4(f)(3) is appropriate because without it, there would be further delay in service under the Hague Convention.[1]

Beyond the delay, the Court finds that Plaintiff's attempt to first secure service under the Hauge Convention and the Complaint Package when the case was filed weighs in favor of alternative service.  In other words, this is not a case where the plaintiff is attempting to bypass formal service under the Hague Convention.  In fact, Plaintiff has attempted to effectuate such service and has been met with continued silence.  In view of the foregoing, the Court finds that alternative service is appropriate.

**B.     Service on US Subsidiaries Through Traditional Means Comport with Due Process**

The Court finds that Plaintiff's requested alternative service on Defendants' US subsidiaries through traditional means is reasonably calculated, under all of these circumstances,

---

[1] However, the Court declines to find that any delay associated with service through the Hague Convention alone is sufficient to justify a grant of alternative service.  Instead, the efficiency of alternative service is an initial consideration that weighs in favor of granting relief under Rule (4)(f)(3).

to apprise Defendants of the pendency of the action and afford it an opportunity to present their objections.

## IV.     CONCLUSION

For the reasons set forth above, Plaintiff's Motion is **GRANTED**.  Accordingly, it is **ORDERED** that Plaintiff serve BOE Defendants through their U.S. subsidiary at BOE Technology of America, 2350 Mission college Boulevard, No. 600, Santa Clara, CA 95054 by traditional means.  Further, Plaintiff is to serve Motorola at Motorola Mobility LLC, c/o Registered Agent, Corporate Trust Center, 1209 Orange Street, Wilmington, DE 19801.

**So ORDERED and SIGNED this 21st day of September, 2022.**

RODNEY  GILSTRAP
UNITED STATES DISTRICT JUDGE